UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JANE DOE, *et al.*,

    Plaintiffs,

vs.

ROB STRECK, MONTGOMERY
COUNTY SHERIFF, *et al*.,

    Defendants.

Case No. 3:20-cv-513

District Judge Michael J. Newman

---

**ORDER AND ENTRY: (1) GRANTING PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS (DOC. 3) AND (2) DIRECTING THAT THE PARTIES CONFER WITH REGARD TO THE ENTRY OF AN APPROPRIATE PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF CONFIDENTIAL INFORMATION DURING THE DISCOVERY PROCESS**

---

This civil case is before the Court on Plaintiffs' motion for a protective order permitting them to proceed under pseudonyms. Doc. 3. Defendants Montgomery County Sheriff Rob Streck, Deputy Willie Templeton, Jr., and Major Jeremy Roy (collectively, "Defendants") filed memorandum in opposition. Doc. 11. Thereafter, Plaintiffs filed a reply. Doc. 12. Plaintiffs' motion is now ripe for review. For the following reasons, the Court grants Plaintiffs' request to proceed pseudonymously.

**I.**

Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4, and Jane Doe 5 bring this civil rights action under 42 U.S.C. § 1983. Doc. 1. Plaintiffs allege they were each sexually assaulted by Templeton, and Jane Doe 2 alleges she was also assaulted by Roy. Doc. 1 at PageID 3. Plaintiffs allege that each sexual assault occurred on government property while Templeton and Roy were acting within the course and scope of their employment with the Montgomery County Sheriff's

Office. *Id.* at PageID 6. Plaintiffs also allege that the policies, customs, and practices of the Montgomery County Sheriff's Office directly caused these assaults. *Id.* at PageID 3. Streck was the Sheriff of Montgomery County, Ohio at the time the alleged sexual assaults occurred and was responsible for the administration, operation, and supervision of the Montgomery County Jail as well as its employees, including Templeton and Roy. *Id.* at PageID 4-5. Plaintiffs sue each of the Defendants in their official capacity. *Id.* at PageID 5.

## II.

Plaintiffs request leave to prosecute their claims pseudonymously, arguing that the sensitive nature of the allegations, the fact that they are suing to challenge governmental activity, and that prosecution of this lawsuit will require Plaintiffs to disclose information "of the utmost intimacy." Doc. 3 at PageID 3-6. Defendants contend that Plaintiffs are not entitled to anonymity because they have chosen to publicly file this lawsuit and their attorney has spoken about this case to the media. Doc. 11 at PageID 88.

Litigating under a pseudonym is generally disfavored. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). But a court may allow a party to use a pseudonym where "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The decision to grant such an exemption lies within the court's discretion. *See id.* The court's discretion is guided by the following factors: (1) whether the individual "seeking anonymity [is] suing to challenge governmental activity"; (2) whether pursuit of the lawsuit "will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) "whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution"; and (4) whether plaintiffs are children." *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

Plaintiffs each allege that Templeton sexually assaulted them on jail property, and Jane Doe 2 alleges she was additionally assaulted by Roy. Doc. 1 at PageID 3. Each Plaintiff alleges that Templeton took them to a secluded location, approached them from behind, pulled down their pants, and forcibly raped them without their consent. *Id.* at PageID 12-18. Additionally, Jane Doe 2 alleges that Roy secluded her, forced her to her knees, and coerced her to perform oral sex on him. *Id.* at PageID 13. Each of the Plaintiffs also allege that Templeton and Roy threatened to harm them in some manner if they disclosed what happened to them. *Id.* at PageID 12-18.

Plaintiffs allege that deputies of the Montgomery County Jail engaged in a pattern and practice of excessive force against detainees, as well as a systemic conscious and deliberate indifference to the rights of detainees. *Id.* at PageID 7. They allege that the systemic conduct is a result of a failure to train and supervise the deputies at the jail and a result of the jail's policies and procedures. *Id.* at PageID 6.

Factors one and two weigh favor of anonymity in this case. First, Plaintiffs are suing to challenge the policies and procedures of a governmental entity. *Id.* Courts routinely afford protective orders to plaintiffs claiming that government officials sexually assaulted them. *See Doe v. Mitchell*, No. 2:20-cv-00459, 2020 WL 6882601, at *5 (S.D. Ohio Nov. 24, 2020) (allowing Plaintiff to proceed under a pseudonym where she alleged that she had been sexually assaulted by a police officer); *see also NMIC Ins. Co. v. Smith*, No. 2:18-cv-533, 2018 WL 7859755, at *2 (S.D. Ohio Oct. 24, 2018) (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims"); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes"); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL

13358204, at *3 (E.D. Mich. July 22, 2015) (relying on *Kolko*, 242 F.R.D. at 195, and *Blue Cross*, 112 F.3d at 872, when finding that the alleged sexual assault victim --- a student who was preyed upon by a teacher -- could proceed anonymously).

Defendants state that while they recognize sexual assault victims "deserve some sort of privacy and recognize that these are sensitive issues," they do not believe Plaintiffs have shown that there is a substantial need for privacy in this case. Doc. 11 at PageID 89. Defendants argue that *Mitchell* is distinguishable because Plaintiffs' allegations are more general as to the dates, times, and locations involved than the claims in *Mitchell*. *Id.* at PageID 88. Defendants also argue that Plaintiffs forfeited anonymity after publicly filing a court case instead of launching a confidential law enforcement investigation, and because their attorney spoke with the media. *Id.* at PageID 88. However, Defendants fail to cite any case in which a Plaintiff alleging sexual assault was denied anonymity. The Court finds the Defendants' arguments on this point unpersuasive.

Additionally, Defendants argue that they will be prejudiced if Plaintiffs are permitted to proceed anonymously. Doc. 11 at PageID 88. They note that while Plaintiffs' counsel provided Defendants with Plaintiffs' first and last names, they have not disclosed other identifying information, including the Plaintiffs' birth dates. *Id.* at PageID 88-89. Defendants also argue that the lack of specificity of dates and times in Plaintiffs' complaint inhibits their ability to have an investigative agency find or recover evidence relating to this matter. *Id.* In *Mitchell*, this Court found that privately informing defense counsel of plaintiff's identity obviated any risk of prejudice. *Mitchell*, 2020 WL 6882601, at *6. As Defendants have already been provided with Plaintiffs' first and last names, Defendants will not be prejudiced if Plaintiffs proceed pseudonymously.

### III.

For foregoing reasons, Plaintiffs' motion for a protective order to proceed pseudonymously is **GRANTED**. All filings in this litigation shall refer to Plaintiffs as Jane Doe 1, Jane Doe 2, Jane

Doe 3, Jane Doe 4, and Jane Doe 5, respectively. The Court **ORDERS** that the parties confer with regard to an appropriate protective order governing the confidentiality of information during the discovery process.[1]

    **IT IS SO ORDERED.**

Date:   February 24, 2021                              s/Michael J. Newman
                                                                         Hon. Michael J. Newman
                                                                          United States District Judge

---

[1] A form protective order can be found on the Court's website at: https://www.ohsd.uscourts.gov/ohio-southern-district-forms.